IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MILBURN D. JONES, JR., | |
| Plaintiff | |
| VS. | |
| IRWIN COUNTY JAIL and MEDICAL STAFF, | NO. 7:09-CV-148 (HL) |
| Defendants | |
| | **O R D E R** |

Plaintiff **MILBURN D. JONES, JR.**, an inmate at Johnson State Prison in Wrightsville, Georgia, has filed a *pro se* 42 U.S.C. § 1983 civil rights complaint.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of Johnson State Prison.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff alleges that on November 15, 2007, while he was confined at the Irwin County Jail, he fell and dislocated his right elbow. According to plaintiff, he was taken to the Irwin County Hospital and then to the Tift County Hospital, where he apparently received treatment for his elbow.

Plaintiff appears to complain that he failed to receive follow-up treatment and pain medication until the cell officer gave him Tylenol on December 4, 2007.

## III.  DISCUSSION

The Court finds that plaintiff's only named defendants, the Irwin County Jail and "Medical Staff," are not entities capable of being sued under section 1983.  *See, e.g., Waller v. Horn,* No. 5:06-cv-114 (WDO), 2006 WL 1582413, at *2 (M.D. Ga. June 6, 2006) (holding the Putnam County Jail is a nonsuable entity for section 1983 purposes); *Johnson v. Sheahan*, No. 94 C 618, 1994 WL 494803 (N.D.Ill. Sept. 8, 1994) (ruling that the jail's medical staff "is neither a person nor an entity subject to suit because of the lack of a legal existence").

Moreover, the only conduct about which plaintiff complains appears to have occurred outside the statute of limitations.  The length of the statute of limitations for filing a section 1983 claim is controlled by state law.  *Wilson v. Garcia*, 471 U.S. 261 (1985).  In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33.  *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).

Plaintiff's complaint form is dated December 14, 2009.  The last event mentioned in plaintiff's complaint is his being given Tylenol by an officer on December 4, 2007.  Because plaintiff does not allege any constitutional violations arising on or after December 14, 2007, his complaint on its face is barred by the statute of limitations.

Finally, although he alleges he was denied pain medication for approximately two and a half weeks, the complaint indicates that plaintiff was taken to two hospitals and apparently received substantial and immediate medical treatment after his injury.

## IV.  CONCLUSION

For the reasons discussed above, this action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 17th day of December, 2009.


*s/  Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr